# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| KATHERINE PEREZ,<br>　　　　　Appellant, | DOCKET NUMBER<br>AT-0754-15-0332-I-1 |
| v. | |
| DEPARTMENT OF VETERANS<br>　AFFAIRS,<br>　　　　　Agency. | DATE: July 29, 2015 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Christopher Young</u>, Tampa, Florida, for the appellant.

<u>Joy C. Vilardi-Rizzuto</u>, Esquire, Tampa, Florida, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1　　The appellant has filed a petition for review of the initial decision, which dismissed her termination appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2      Effective February 9, 2014, the agency appointed the appellant, a nonpreference eligible, to a GS-5 Nursing Assistant position at its Veterans Affairs Medical Center in Tampa, Florida. Initial Appeal File (IAF), Tab 1 at 14. The appellant's appointment was made under 38 U.S.C. § 7401(3) and was in the excepted service. *Id.* She was subject to a 1-year "Initial Probationary/Trial Period." *Id.* Effective February 6, 2015, the agency terminated the appellant for improper conduct. *Id.* at 11-12.

¶3      The appellant timely filed a Board appeal challenging her termination. IAF, Tab 1. The administrative judge issued an order informing her of her burden to establish Board jurisdiction by showing that she met the definition of an employee under 5 U.S.C. § 7511(a)(1). IAF, Tab 5. The appellant asserted that she had completed her trial period and therefore met the definition of employee under 5 U.S.C. § 7511 because she was terminated at the end of the work day on Friday, February 6, 2015, before her trial period ended on the following Monday, February 9, 2015. IAF, Tab 1 at 5, Tab 6 at 3-5. The agency contended that the

appellant was terminated during her trial period because she was terminated at 11:41 a.m. on February 6, 2015, before the end of her tour of duty at 4:00 p.m. IAF, Tab 4 at 6-9.

¶4 Without holding the appellant's requested hearing, the administrative judge dismissed the appeal for lack of jurisdiction. IAF, Tab 7, Initial Decision (ID); *see* IAF, Tab 6 at 5. Specifically, the administrative judge found that the appellant did not qualify as an employee with Board appeal rights under 5 U.S.C. § 7511(a)(1)(C) because she had not completed 2 years of current continuous service in the same or similar position in an executive agency under other than a temporary appointment limited to 2 years or less. ID at 3-4.

¶5 The appellant has filed a petition for review in which she asserts that the administrative judge improperly found that she was required to complete a 2-year trial period to qualify as an employee. Petition for Review (PFR) File, Tab 1 at 2. The appellant also reiterates her argument below that she is an employee because she completed her 1-year trial period. *Id.* The agency has filed a response in opposition to the appellant's petition. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6 An appellant bears the burden of establishing Board jurisdiction by preponderance of the evidence. *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 642-43 (Fed. Cir. 1985). Preponderance of the evidence is defined by regulation as that degree of relevant evidence which a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.56(c)(2).

¶7 The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). It has jurisdiction over disciplinary actions issued to individuals appointed under 38 U.S.C. § 7401(3), such as the appellant, if they meet the definition of an employee under 5 U.S.C.

§ 7511. *See Carrow v. Merit Systems Protection Board*, 564 F.3d 1359, 1364 (Fed. Cir. 2009); *Barrand v. Department of Veterans Affairs*, 112 M.S.P.R. 210, ¶¶ 8-10 (2009) (finding that the Board's jurisdiction includes adverse actions issued to employees appointed under section 7401(3)); 5 C.F.R. §§ 752.401(c)(8), 752.405(a) (listing agency employees appointed under section 7401(3) among those individuals entitled to appeal adverse actions to the Board).  Only an "employee," as defined under 5 U.S.C. chapter 75, subchapter II, can appeal to the Board from an adverse action such as a removal.[2]  *Barrand*, 112 M.S.P.R. 210, ¶ 8; *see* 5 U.S.C. §§ 7511(a)(1), 7512(1), 7513(d).  A nonpreference-eligible individual in the excepted service is an "employee" within the meaning of 5 U.S.C. § 7511 only if she:  (1) is not serving a probationary or trial period under an initial appointment pending conversion to the competitive service; or (2) has completed 2 years of current continuous service in the same or similar positions in an executive agency under other than a temporary appointment limited to 2 years or less.  5 U.S.C. § 7511(a)(1)(C)(i)-(ii); *see Barrand*, 112 M.S.P.R. 210, ¶¶ 4, 10 (applying this provision to an excepted service appointment made under 38 U.S.C. § 7401(3)).  An individual may meet the definition of employee under either of these two alternatives.  *Van Wersch v. Department of Health & Human Services*, 197 F.3d 1144, 1151 (Fed. Cir. 1999).  Based on the foregoing, we find that the administrative judge properly determined that the appellant is not an employee under subsection 7511(a)(1)(C)(ii) because she had less than 2 years of Federal service when she was terminated.  *See* ID at 3-4.

---

[2] The administrative judge also cited to 5 C.F.R. § 315.806 as a possible basis for Board jurisdiction and informed the appellant that she may have limited appeal rights if she alleged that her termination was due to discrimination based on partisan political reasons or marital status.  IAF, Tab 5 at 3-4 & n.1.  This information was provided in error, however, because 5 C.F.R. § 315.806 applies only to individuals in the competitive service.  *Barrand*, 112 M.S.P.R. 210, ¶ 13; *see Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

¶8     However, the administrative judge did not expressly address the appellant's argument that she completed her trial period and thus was an employee under subsection 7511(a)(1)(C)(i) because she was terminated at the end of her tour of duty on the last scheduled workday before her anniversary date. IAF, Tab 1 at 5, Tab 6 at 3-5. Any such error, however, does not provide a basis for reversal because we find that the appellant was not an employee under this subsection because she was not serving in an initial appointment pending conversion to the competitive service. *See Forest v. Merit Systems Protection Board*, 47 F.3d 409, 411-12 (Fed. Cir. 1995) (an excepted service employee not serving in an initial appointment pending conversion to the competitive service must have 2 years of current continuous service to obtain adverse action appeal rights); *see also Panter*, 22 M.S.P.R. at 282; IAF, Tab 1 at 14 (reflecting that the appellant was appointed to the excepted service). Therefore, a determination regarding the exact timing of the appellant's removal is not necessary to dispose of this appeal, and we decline to address the parties' arguments on the issue of whether the appellant was terminated before or after 1 year of service.

¶9     Accordingly, we conclude that the administrative judge properly found that the appellant is not an employee within the meaning of 5 U.S.C. § 7511, and thus, the Board lacks jurisdiction over her appeal.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services

provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                 _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.